IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONAVETTE ELY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0105-WS-B |
| | ) |
| **MOBILE HOUSING BOARD,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Disqualify or Remove Counsel (doc. 21) and defendant's Motion to Strike Affidavit of Plaintiff and Motion to Find Plaintiff in Contempt (doc. 22).

Plaintiff, Donavette Ely, who is represented by counsel, brought this action against defendant, Mobile Housing Board, alleging certain statutory and constitutional claims relating to defendant's administration of the Section 8 Housing Choice Voucher Program. The Board is represented in these proceedings by Raymond L. Bell, Jr. and Jonathan Mabire, both of the Bell Law Firm, P.C. The Complaint was filed on March 1, 2013, and Bell filed an Answer on behalf of the Board on April 15, 2013.

Now, six months after Bell first appeared in this action as counsel of record for the Board, plaintiff seeks to disqualify Bell and his law firm from continuing to represent the Board herein. As grounds for the Motion to Disqualify, plaintiff relies on an affidavit from Ely, in which she states that she retained Bell to represent her in a criminal matter in 2005, that Bell "learned certain personal information" about her during the course of that representation, that Bell did not charge her for legal services but attempted to pursue a personal relationship (which she rebuffed), that she and Bell "were good friends" in high school, and that she has shared personal information with Bell at various times. (Doc. 21-1.) Based on these circumstances, Ely concludes that she is "uncomfortable" with Bell representing the Board in this matter because "he knows too much about [her] personal business." (*Id.*)

In response, Bell blasts Ely's Affidavit as a complete fabrication and accuses plaintiff of advancing false allegations to retaliate against him for certain acrimonious interactions during discovery proceedings.  For his part, Bell insists that Ely never retained him to represent her, that he has no record of ever representing her in any matter, that Mobile Municipal Court records list him as co-counsel for Ely in a 2005 criminal harassment case but that other records are to the contrary, that he has never had a personal conversation with Ely, that he was never her friend in high school, that he possesses no information about Ely other than what he discovered or learned in this lawsuit, and that Ely's averments to the contrary in her affidavit are untrue.  On that basis, Bell urges the Court to strike the affidavit, hold Ely in contempt, and award costs against her for submitting a false affidavit for an improper purpose.

Given the nature of Ely's allegations about Bell, his desire for judicial vindication is understandable.  Under the circumstances, however, it would be both unnecessary and unproductive for the Court to conduct an evidentiary hearing, take testimony, hear argument, and issue detailed factual findings as to the truth or falsity of Ely's various allegations concerning her history of dealings (if any) with Bell.  The reason is that, even accepting Ely's averments as factually accurate, she has not presented any cognizable legal basis for disqualifying Bell and his law firm from continued representation of the Board in this case.

Plaintiff's Motion to Disqualify is devoid of citations to any rule of professional conduct that might lend support to plaintiff's position.[1]  The omission is with good reason.  No such rules exist.  This issue is directly addressed by Rule 1.9 of the Alabama Rules of Professional Conduct, which states in relevant part as follows: "A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter …; or (b) use information relating to the representation to the disadvantage of the former client."  *Id.*  Even under Ely's version of the facts, Bell's representation of her in a criminal harassment action in 2005 cannot reasonably be viewed as "the same or a substantially related matter" to Ely's current dispute with the Mobile Housing Board; therefore, subsection (a) plainly does not apply.  As for subsection (b), that rule does not prohibit adverse representation

---

[1] In lieu of identifying specific authorities, plaintiff's counsel offers the unhelpful conclusory statement that "Pursuant to the rules of Alabama professional conduct, Alabama law, and federal law the Defendant's attorney has a conflict which [*sic*] in this matter." (Doc. 21, at 2.)

whenever counsel obtained potentially damaging information about the former client in the former representation; rather, it merely forbids counsel from utilizing any such information to the former client's disadvantage.  There is no indication that Bell has done or will do so here, even assuming the validity of Ely's position that he is in possession of "personal information about [her] which … could jeopardize [her] current case." (Doc. 21-1.)

In short, the circumstances that Ely describes – assuming they are factually accurate, which Bell denies – do not implicate Rule 1.9 of the Alabama Rules of Professional Conduct.  Plaintiff has thus made no showing of any ethical conflict that would prohibit Bell and his law firm from continuing to represent the Board's interests in this matter.[2]  Accordingly, plaintiff's Motion to Disqualify or Remove Counsel (doc. 21) is **denied** as legally and factually unfounded.

With respect to defendant's counterattack, the Motion to Strike Affidavit and Motion to Find Plaintiff in Contempt (doc. 22) are likewise **denied**.  The truth or falsity of Ely's Affidavit is a collateral matter, divorced from any claim or defense joined in this case.  The Motion to Disqualify does not hinge on a factual determination of the accuracy of her statements.  Accordingly, the Court will not commit scarce judicial and litigant resources to investigate the veracity of that affidavit, or delve into the time-consuming, mud-slinging detour of a he-said / she-said dispute between Ely and Bell as to what (if anything) might have happened in the distant past concerning unrelated matters, all for the purpose of weighing whether some sort of sanction should be imposed against Ely for her allegedly untruthful affidavit against Bell.  The far more efficient and productive approach for all concerned is for the parties to refocus their energies on the merits of the case and the looming deadlines prescribed by the Rule 16(b) Scheduling Order, including most immediately the discovery cutoff date of November 1, 2013.

---

[2] As noted, plaintiff's allegations of conflict appear to stem both from Bell's purported prior representation of Ely and Ely's allegations that she and Bell were "good friends" in high school and that she has had personal conversations with him unrelated to this pending matter.  The Court is aware of no ethical constraints (and plaintiff has identified none) on an attorney's ability to represent a client whose interests in a matter are adverse to those of either (i) that attorney's high-school friends, or (ii) people with whom the attorney has had personal conversations about unrelated matters.  Plaintiff cites no legal authority and provides no reasoning for her perception that there is anything improper or unethical about Bell's representation of the Board under these alleged circumstances.

-4-

DONE and ORDERED this 18th day of October, 2013.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE