# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONAVETTE ELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0105-WS-B |
| | ) |
| MOBILE HOUSING BOARD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This closed matter comes before the Court on Plaintiff's Motion to Alter, Amend or Vacate (doc. 82). Also pending is Defendant's Motion to Strike Plaintiff's Motion to Alter, Amend or Vacate (doc. 84). The latter Motion is **denied**. If, as defendant argues, plaintiff's Rule 59(e) Motion is untimely, the proper course of action is for it to be denied, not stricken, as requested by Defendant's Motion to Strike.[1]

**I.    Procedural History.**

Plaintiff, Donavette Ely, by and through counsel, initiated this action against defendant, Mobile Housing Board, alleging constitutional deprivations, regulatory violations and disability discrimination based on the termination of her participation in the Section 8 Housing Choice Voucher Program. In particular, Ely asserted a § 1983 claim alleging that the Board terminated her housing benefits without due process; brought claims alleging that the Board violated HUD regulations and requirements by not explaining the grounds for termination, informing her of her

---

[1]    *See generally Morgan v. Bill Vann Co.*, 2013 WL 4657554, *1 n.1 (S.D. Ala. Aug. 30, 2013) ("motions to strike should not be filed in federal court[] as a kneejerk reaction whenever a litigant is unhappy with either the contents of an exhibit or the other side's arguments"); *Zukowski v. Foss Maritime Co.*, 2013 WL 1966001, *3 (S.D. Ala. May 10, 2013) ("Motions to strike are generally disfavored as time wasters that distract the court from the merits of a party's claim.") (citations omitted); *Essex Ins. Co. v. Foley*, 827 F. Supp.2d 1326, 1327 n.1 (S.D. Ala. 2011) (explaining why it is disfavored and generally inappropriate to strike arguments or other portions of filings simply because they lack merit, or "may suffer from a logical or factual defect") (citation omitted).

hearing rights, or providing an impartial hearing officer; and brought claims of disability discrimination / failure to provide reasonable accommodation, pursuant to the Fair Housing Amendments Act of 1988 ("FHAA") and Title II of the Americans with Disabilities Act ("ADA").

On April 7, 2014, after the parties were given a full and fair opportunity to be heard, the undersigned entered an Order (doc. 80) and Judgment (doc. 81) granting the Board's Motion for Summary Judgment and dismissing this action with prejudice. In summary, the 22-page Order found that Ely's constitutional claims failed as a matter of law because she lacked a property interest in her expired Section 8 housing voucher; that Ely's claims for violations of HUD regulations failed because certain of the cited provisions were inapplicable and the Board had complied with the others; and Ely's claims under the FHAA and ADA failed for a variety of reasons, including most notably a lack of evidence of a causal link between Ely's son's alleged disability and Ely's desire for a voucher extension, and a lack of evidence that Ely ever placed the Board on notice that she was requesting a voucher extension as a reasonable accommodation for that disability.

On May 6, 2014, some 29 days after entry of the April 7 Order and Judgment, plaintiff filed a Motion to Alter, Amend or Vacate (doc. 82), purportedly under Rule 59(e), Fed.R.Civ.P. That same morning, plaintiff filed a Notice of Appeal (doc. 83) of the April 7 Order and Judgment to the Eleventh Circuit Court of Appeals.[2]

**II.   Analysis.**

Plaintiff's Motion to Alter, Amend or Vacate is untimely on its face. The Federal Rules of Civil Procedure specify that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e), Fed.R.Civ.P. They are equally clear that district courts are not empowered to enlarge that filing period. *See, e.g., Green v. Drug*

---

[2] Plaintiff's filing of a Notice of Appeal mere hours after filing her Motion to Alter, Amend or Vacate does not divest this Court of jurisdiction to resolve the Rule 59(e) Motion. *See, e.g., Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (filing of a notice of appeal "does not prevent the district court from taking action in furtherance of the appeal") (citation and internal quotation marks omitted); Rule 4(a)(4)(B)(i), Fed.R.App.P. ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order … when the order disposing of the last such remaining motion is entered.").

*Enforcement Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) ("To help preserve the finality of judgments, a court may not extend the time to file a Rule 59(e) motion."); Rule 6(b)(2), Fed.R.Civ.P. ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). Court records confirm that plaintiff did not file her Rule 59(e) Motion until May 6, 2014. The 28-day deadline prescribed by Rule 59(e) expired on May 5, 2014; therefore, plaintiff's Rule 59(e) Motion is and must be **denied** as untimely.

Notwithstanding this summary adjudication of plaintiff's Rule 59(e) Motion, the Court nonetheless takes this opportunity to debunk certain misstatements, inaccuracies and distortions set forth in the Motion.

Preliminarily, the Court observes that Ely's Motion disregards the stringent legal standard for relief governing her motion. A dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because she disagrees with a court's ruling. To the contrary, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation and internal marks omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (similar). Moreover, authority is legion for the proposition that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted).[3] Rule 59(e) motions do not afford an unsuccessful litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess &*

---

[3] *See also Smith v. Ocwen Financial*, 2012 WL 3758378, *2 (11th Cir. Aug. 30, 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Kight v. IPD Printing & Distributing, Inc.*, 2011 WL 2015055, *1 (11th Cir. May 24, 2011) (motion for reconsideration properly denied where movant "merely attempted to relitigate old matters and presented evidence that could have been raised prior to the entry of judgment."); *Morton v. Astrue*, 2010 WL 2130613, *3 (11th Cir. May 27, 2010) ("In his motion to alter or amend judgment, … Morton merely attempted to reargue factual issues previously decided by the district court. The district court therefore did not abuse its discretion in denying the motion."); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) ("Motions to reconsider … do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.").

*Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Nor are such motions properly filed "as a kneejerk reaction by a dissatisfied federal court loser." *Lee v. Thomas*, 2012 WL 3137901, *2 (S.D. Ala. Aug. 1, 2012).[4] "They are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Id.* Plaintiff has not conformed her Rule 59(e) Motion to this narrowly circumscribed legal standard.

Nonetheless, plaintiff's Motion is steeped in unflattering rhetoric that the April 7 Order "demonstrates a misunderstanding of the legal standards," "misinterprets federal law and regulations," "makes erroneous legal conclusions based on its flawed interpretations," "has a basic misunderstanding of the facts," and so on. (Doc. 82, at 1-2.) This Court will not devote scarce judicial resources to parsing such conclusory generalities; however, this Order will address three specific assignments of error presented in plaintiff's Motion.

First, plaintiff's Motion takes the undersigned to task for what she calls "a fundamental error in classifying the voucher issued on July 19, 2010 as an extension of a previous voucher when it clearly was a newly issued voucher." (Doc. 82, at 2 n.1.) This is a brand-new, but previously available, argument, and hence inappropriate for a motion to reconsider. A cornerstone of the Board's summary judgment motion was that the July 19 voucher was an extension of the May 13 voucher, and that Ely's 120-day period (60 days for the original voucher, plus up to 60 days for extensions) to shop that voucher therefore expired on September 18, 2010. (*See* doc. 63, at 5, 9, 16, 23, 24-27.) If plaintiff felt that the July 19 voucher should have been classified as a "new voucher" (restarting the 120-day clock) rather than an extension of a previous voucher (not restarting the clock), then she should have presented that argument and appropriate record citations in her summary judgment response. She failed to do so. Indeed,

---

[4] *See also Thalassinos v. Adair*, 2013 WL 3231373, *2 (S.D. Ala. June 26, 2013) ("A Motion to Reconsider is not appropriately filed merely because a litigant does not agree with (or does not wish to abide by) the court's ruling."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong," but finding that they are instead "an extraordinary remedy" that must be "employed sparingly") (citations omitted); *Garrett v. Stanton*, 2010 WL 320492, *3 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license … to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper.").

nowhere in plaintiff's 30-page summary judgment brief found at document 72 does she argue that the July 19 voucher constituted a "new voucher" for purposes of the 60-day shopping period and 60-day extensions. Nowhere in that brief does plaintiff take issue with defendant's emphatic framing of the July 19 voucher as an extension of the May 13 voucher. It is not a proper basis for Rule 59(e) relief – or for criticizing the April 7 Order – for plaintiff now to argue for the first time that this Court should have rejected the Board's characterization of the July 19 voucher.

There is another, fundamental problem with plaintiff's argument about the July 19 voucher. The summary judgment record confirms that the Board issued the July 19 voucher after Ely made a written request on July 12, 2010 (the expiration date of the May 13 voucher), reading as follows: "***I am requesting an extension*** on my four bedroom voucher." (Doc. 64, Exh. L (emphasis added).) She even crossed out the words "Tenant Complaint" at the top of the form and wrote "voucher extension request." (*Id.*) Issuance of the July 19 voucher followed directly from the Board granting plaintiff's extension request. (Doc. 64, Exh. K.)[5] Even now, plaintiff fails to explain how these facts (and her own words) support a reasonable inference that the July 19 voucher (which was substantively identical to its May 13 predecessor) may be classified as a new voucher subject to a new shopping period under applicable rules and regulations, rather than extension of the identical voucher that expired on the date that Ely submitted a written request for what she termed an "extension" of the expiring voucher. Her July 12 "extension request" specified that Ely had experienced "a hard time locating 4 bedroom in our area" and that she therefore needed more time. How can that communication rationally be viewed as anything other than an extension request? How can the Board's granting of that request be rationally viewed as anything other than an extension of the May 13 voucher? Plaintiff does not say. This threadbare, unsupported argument would not have been credited on summary judgment (had it been made), and it will not be credited now.

---

[5] Furthermore, in her Complaint, plaintiff repeatedly alleged that her discrimination claims were predicated on, among other things, "the Defendant[']s refus[al] to provide the Plaintiff with ***any additional extensions*** for her four (4) bedroom voucher." (Doc. 1, ¶¶ 35, 39.) Obviously, there could be no <u>additional</u> extensions unless there had already been at least one extension (*i.e.*, the July 19 voucher). Thus, in her Rule 59(e) Motion, plaintiff effectively speaks out of both sides of her mouth by asking the Court to disregard her own allegations and statements.

Second, plaintiff requests relief from the April 7 Order and Judgment because she says this Court incorrectly accepted as undisputed certain of the Board's factual allegations. She provides two examples, neither of which has merit. Specifically, plaintiff faults the April 7 Order for crediting the assertion that "MHB followed all of the pertinent regulations and requirements of federal law." (Doc. 82, at 3.) Here, plaintiff commingles fact and law. The April 7 Order explained in detail why uncontroverted record facts showed that the Board was in compliance with applicable regulations and requirements. (*See* doc. 80, at 14-17.) If plaintiff thinks certain material facts underlying those determinations are disputed, then it is incumbent on her (i) to identify those specific facts, (ii) to point to record evidence from which a reasonable factfinder could find otherwise, and (iii) to explain how those facts establish a regulatory violation. In lieu of doing so, plaintiff simply rests on a blanket accusation that the Court got it wrong.

Similarly, Ely contends that the April 7 Order is factually erroneous because "the Plaintiff has consistently maintained that MHB denied her requests for an extension of the her [*sic*] voucher based on a reasonable accommodation request." (Doc. 82, at 4.) Pages 19 through 21 of the April 7 Order reveal the fallacy in plaintiff's request for reconsideration on this basis. Indeed, plaintiff has never submitted a shred of evidence linking her alleged difficulties in locating a four-bedroom unit between May and September 2010 to her son's ostensible disability. Nor has she ever shown that she placed the Board on notice – or that the Board had any reason to believe – that her requests for extension of the voucher during and after that period were related to such disability. A fact can only be viewed as "disputed" on summary judgment if there is some record basis for the dispute. Counsel's *ipse dixit* is never sufficient. While plaintiff's counsel maintains that the April 7 Order "demonstrates a misunderstanding of the legal standards required in summary judgments" (doc. 82, at 1), binding precedent is clear that courts may not simply guess or speculate that uncited supporting facts actually exist to bolster a nonmovant's position. *See, e.g., Avenue CLO Fund, Ltd. v. Bank of America, N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) ("All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable.") (citation omitted); *Myers v. Bowman*, 713 F.3d 1319, 1327 (11th Cir. 2013) (rejecting nonmovant's argument "based upon speculation and conclusory allegations," and remarking that "[t]his court has consistently held that conclusory allegations without specific

supporting facts have no probative value" on summary judgment) (citation omitted); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("For factual issues to be considered genuine, they must have a real basis in the record. … [M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.").

In her Rule 59(e) Motion, plaintiff insists that "Ely made the request for the reasonable accommodation of a voucher extension because she had difficulty finding an acceptable qualified housing unit due to her son's disability." (Doc. 82, at 5.) But where is the evidence from which a reasonable fact finder could conclude either (i) that Ely's troubles in finding a four-bedroom unit in the summer of 2010 were "due to her son's disability," or (ii) that the Board had any knowledge or reason to believe that Ely's request for extension was prompted by her difficulties "due to her son's disability"? Plaintiff has never cited any such evidence, and the Court's review of the summary judgment record revealed no such evidence.[6] Certainly, Ely's written "voucher extension request" of July 12, 2010 made no reference to her son's health condition as having any bearing on her "hard time locating 4 bedroom in our area." (Doc. 64, Exh. L.) There could be myriad reasons (most of them completely unrelated to her child's asthma) why Ely might need or want more time to shop her voucher. Plaintiff offers no evidence to support her argument that both the Board and a reasonable fact finder at trial could or should view this request as necessarily implicating her son's purported disability. Instead, plaintiff falls back on

---

[6] In her Rule 59(e) Motion, plaintiff unhelpfully confuses the issue by cutting and pasting a section of her summary judgment brief in which she argued that "Ely made written request on numerous occasions, and provided requested letters from her son's doctors regarding his disability and the reasonable accommodation request." (Doc. 82, at 5; *see also* doc. 72, at 23.) This "reasonable accommodation request" to which Ely alludes is her request for a four-bedroom voucher, which the Board ultimately provided. There are no written requests, letters or other materials in the record showing that Ely requested an extension of the voucher as a reasonable accommodation for her son's asthma, much less any correspondence or doctor's reports relating to that specific request. Just because Ely requested a four-bedroom voucher as a reasonable accommodation for a disability does not raise a factual inference that every other request she ever made to the Board was also a request for reasonable accommodation for a disability. Thus, plaintiff mixes apples with oranges to advance a faulty Rule 59(e) Motion, just as she did on summary judgment.

conclusory allegations that are patently insufficient on summary judgment, much less for Rule 59(e) relief.[7]

Plaintiff's Rule 59(e) Motion continues along this line of argument by asserting that "MHB's rigid adherence to its policy of denying Section 8 voucher extensions and increases in voucher amounts to those who are having difficulty finding suitable housing due to a disability constituted a statutory violation." (Doc. 82, at 9.) Once again, this argument fails because there is no record evidence that Ely was "having difficulty finding suitable housing ***due to a disability***" or that, even if she was, the Board had any reason to believe that her son's asthma was (i) the source of her difficulties and (ii) the factual basis of her voucher extension request. Such an argument also improperly rehashes summary judgment proceedings because it is a verbatim repetition of an argument in plaintiff's summary judgment brief that this Court considered and rejected. (*See* doc. 72, at 27 (raising same argument word for word); doc. 80, at 20 n.22 (rejecting same argument on the merits).)[8]

---

[7] Plaintiff digs the hole deeper in a footnote in her Rule 59(e) Motion. She says, "The Court would have Ely use specific language which is not required by law." (Doc. 82, at 6 n.3.) This criticism is expressly negated by page 19 of the April 7 Order, in which this Court recognized that "a request for accommodation need not employ 'magic words,'" but that the defendant must have enough information to be on notice that a reasonable accommodation is being requested. (Doc. 80, at 19.) The April 7 Order applied the correct legal standard, yet plaintiff's contrarian argument bafflingly ignores the Order's plain text. Next, plaintiff says "the analysis used by the court defies logic or common sense." (Doc. 82, at 6 n.3.) What would be "logical" about holding a housing board liable under disability discrimination laws for failing to grant a voucher extension to a client as a reasonable accommodation for a family member's disability when the board had no information or reason to know that the extension request had anything to do with said disability, and no reason to believe that said disability had in any way impeded the client's ability to search for and locate suitable housing within the voucher period? Plaintiff does not say. The icing on the cake is plaintiff's argument that, "It is clear based on the facts that Ely made clear to the housing authority that she needed additional time and was requesting an extension based on a reasonable accommodation of her sons [*sic*] disability." (Doc. 82, at 6 n.3.) What facts make that "clear"? Again, plaintiff does not say, and the Court's review of the summary judgment record revealed none. Although plaintiff purports to be seeking "the benefit of the doubt" (*id.*), what she actually requests is that the Court engage in wholesale conjecture about nonexistent record facts to enable her to defeat summary judgment. The Federal Rules of Civil Procedure forbid such indulgences on Rule 56 review.

[8] Besides, as discussed *infra*, the record lacks a scintilla of evidence to support plaintiff's contention that the Board had a "policy of denying Section 8 voucher extensions … to (Continued)

Third, plaintiff seeks reconsideration of the April 7 Order based on the theory that "MHB violated Ely's rights and federal law by automatically terminating her from the section 8 program upon the expiration of her voucher without allowing her to apply for or be considered for an extension." (Doc. 82, at 10.) This argument withers under scrutiny. As an initial matter, nowhere in the Complaint does plaintiff assert a claim predicated on the Board's purported "automatic termination" of Ely from the Section 8 program and its purported refusal to allow her to apply for an extension.[9] A motion to reconsider is not a proper platform for *de facto* amendment of the pleadings. Besides, even if this claim had been properly pleaded in the Complaint (it was not), plaintiff never mentioned it in her summary judgment brief, such that she is improperly using her motion to reconsider to advance for the first time a previously available argument. (*See* doc. 72, at 8-18.) Furthermore, plaintiff points to no record facts supporting a reasonable inference that the Board ever refused to allow her to apply for an extension or refused to consider any such request that she made.[10]

---

those who are having difficulty finding suitable housing due to a disability." Plaintiff cannot obtain reconsideration by playing fast and loose with the record facts.

[9] In the Complaint, Ely alleged that the Board violated her rights and federal housing law by not "first advising her of the specific grounds," not providing her "with an opportunity to examine any documents or records," failing to inform Ely of her "option to pursue a formal hearing if settlement is not reached," failing "to provide an impartial hearing officer," and rendering a decision "based completely on hearsay evidence." (Doc. 1, ¶¶ 24-27.)

[10] To be sure, plaintiff's argument is long on rhetoric that "MHB had the responsibility to at least allow the request to be made by Ely, and *consider* the request." (Doc. 82, at 13.) The problem is that she points to no evidence that the Board refused to allow her to make a request, or to consider any such request. At most, plaintiff states in her Rule 59(e) Motion as follows: "[I]n her Deposition, Ms. Griffin states that the housing authority could not extend the deadline beyond 120 days even when a reasonable accommodation [*sic*], and has a policy to that effect." (Doc. 82, at 6.) But plaintiff provides no pinpoint citation to support this allegation, and review of Griffin's 71-page deposition transcript (found at document 73) reveals no such testimony. Of course, a Rule 59(e) Motion may not predicated on wishful thinking or imagined testimony.

**III. Conclusion.**

For all of the foregoing reasons, Plaintiff's Motion to Alter, Amend or Vacate (doc. 82) is **denied**. Defendant's Motion to Strike Plaintiff's Motion to Alter, Amend or Vacate (doc. 84) is likewise **denied**.

DONE and ORDERED this 9th day of May, 2014.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE